**In re Douglas R. MERRITT, Jacalyn M. Merritt, Debtors.**

**Bankruptcy No. 2–90–05060.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 26, 1991.

David M. Whittaker, Columbus, Ohio, Chapter 7 Trustee.

Douglas Merritt, Jacalyn Merritt, Frankfort, Ohio, Robert Hoskinson, Columbus, Ohio, for debtors.

Nora E. Jones, Schottenstein, Zox & Dunn, Columbus, Ohio, for David and Rebecca Ater.

## ORDER DENYING MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO BANKRUPTCY RULE 2004, BUT ORDERING CERTAIN DOCUMENT PRODUCTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion, filed by creditors David and Rebecca Ater ("Aters"), seeking to examine debtor Douglas R. Merritt ("Debtor") under the provisions of Bankruptcy Rule 2004. The debtor opposed the motion.

The debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 26, 1990. The Aters were scheduled as creditors and as recipients of a recent payment to David Ater from the Debtor and as possible obligors to the bankruptcy estate for construction work performed by the Debtor.

The Aters wish to examine the Debtor to investigate any claim the estate may have against them, including any preference claim, and to obtain information to amend their proof of claim for breach of contract.

Under the language of the rule the grant or denial of a motion for the examination of a debtor is discretionary with the Court. Although Rule 2004 provides an easy way for parties to obtain information required to pursue potential actions or to administer the bankruptcy estate, its misuse can serve as a tool for harassment and can undermine both the fresh start and the automatic stay protections.

The Court finds that the Aters' expressed desire for information relating to potential actions against them by the bankruptcy estate is pretextual. The estate has not asserted any claims against them. Prior to the date they filed their motion, the trustee in bankruptcy indicated he was ready to file a final report and conclude his administration of the estate. Should the trustee change his mind and assert a claim against the Aters, normal discovery measures would be available to them at that time to defend any such action.

Nor has any preference action been asserted against the Aters by the Debtor pursuant to 11 U.S.C. § 522(h). Nor does it appear that such an action could be asserted. Therefore, discovery relating to that matter is neither necessary nor appropriate.

With regard to the Aters' possible need to amend their proof of claim, the Court finds that the Debtor should turn over to the Aters, through their respective attorneys, within ten (10) days of the entry of this order, any of the following items which are in the Debtor's possession.

(1) All invoices for materials, supplies, fixtures, services and goods used in or incorporated into the dwelling and appurtenances constructed at 11474 Westfall Road, Frankfort, Ohio 45628

and all cancelled checks or other evidence of payment for such.

(2) The full name, residence address, and residence telephone number of each employee of (or independent contractor as to) Douglas R. Merritt who provided services in connection with the construction of the dwelling and appurtenances constructed at 11474 Westfall Road, Frankfort, Ohio 45628.

(3) Owners' manuals, manufacturers' warranties, installation instructions, use and care instructions, and other documents related to the following items used in or incorporated into the dwelling and appurtenances at 11474 Westfall Road, Frankfort, Ohio 45628:

(a) heat pump;

(b) siding and soffits;

(c) cabinetry;

Lloyd D. Cohen, Columbus, Ohio, for debtors.

(d) roofing shingles;

(e) garbage disposal;

(f) all other applicable items.

Brent A. Stubbins, Graham & Graham, Stubbins, Lewis, Watson & Erhard Co., L.P.A., Zanesville, Ohio, for Hartman's Truck Center.

No other examination or production of documents shall be required.

IT IS SO ORDERED.